**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220033-U

Order filed June 29, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| *In re* A.H., | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| a Minor | ) | Will County, Illinois. |
| | ) | |
| (The People of the State of Illinois, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No. 3-22-0033 |
| | ) | Circuit No. 21-JA-221 |
| v. | ) | |
| | ) | |
| H.P.V., | ) | The Honorable |
| | ) | Paula A. Gomora, |
| Respondent-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Brennan and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The circuit court did not err when it denied the respondent-mother's petition to expunge.

¶ 2        After a juvenile petition regarding the minor, A.H., was withdrawn and the case dismissed, the respondent-mother, H.P.V., filed a *pro se* petition to expunge the juvenile case record. The circuit court dismissed the mother's petition, and she appealed. On appeal, the

mother argues (1) the circuit court erred when it dismissed her petition to expunge, and (2) her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), were violated. We affirm.

¶ 3                                            I. BACKGROUND

¶ 4          On August 3, 2021, the State filed a juvenile petition alleging that the minor was neglected due to an injurious environment. Specifically, the petition alleged that (1) a "[d]octor indicated it was unsafe for the minor to go home with mother do [*sic*] to her exhibiting bizarre and delusional and manic behaviors," and (2) "[m]other was psychiatrically hospitalized." The following day the minor was ordered to be taken from the mother, who was an adult throughout this case, and placed in shelter care. On August 12, that order was vacated and the minor was returned to the mother's care, albeit with certain restrictions.

¶ 5          On August 26, less than a month from its filing, the State withdrew its petition. The Department of Children and Family Services (DCFS) was discharged, and the civil, neglect-based juvenile case was closed.

¶ 6          On December 8, the mother filed a petition to expunge the juvenile case record pursuant to section 5.2 of the Criminal Identification Act (20 ILCS 2630/5.2 (West 2020)), listing DCFS as the "arresting agency". A written order dated January 27, 2022, denied the mother's petition without explanation. No report of proceedings, which might have disclosed the trial judge's reasoning, is present in the appeal record.[1] The mother appealed.

¶ 7                                            II. ANALYSIS

---

[1] The mother filed various motions with this court, alleging that her attempts at having the report of proceedings prepared were unsuccessful, at least in part because the circuit court judge would not "release" the transcripts. We denied all of her motions, which included requests for this court to compel Judge Gomora to release the transcripts or the State to obtain them.

¶ 8    On appeal, the mother argues that (1) the circuit court erred when it denied her petition to expunge, and (2) her *Miranda* rights were violated. Among other things, she claims that (1) she was improperly admitted involuntarily to a psychiatric ward based on hearsay; (2) she has never had psychiatric issues; (3) she was never read her *Miranda* rights; and (4) she was refused access to an attorney.

¶ 9    Section 5.2 of the Criminal Identification Act (20 ILCS 2630/5.2 (West 2020)) permits an individual to petition the circuit court for the sealing and expungement of records in criminal cases under certain circumstances. *Id.* Of particular relevance to this case, section 5.2(b)(1) provides that an individual can seek expungement of "the records of his or her arrests and charges not initiated by arrest when each arrest or charge not initiated by arrest sought to be expunged resulted in *** acquittal, dismissal, or the petitioner's release without charging ***." *Id.* § 5.2(b)(1). We review a circuit court's denial of a petition to expunge for an abuse of discretion. *People v. Laguna*, 2014 IL App (2d) 131145, ¶ 14.

¶ 10   Regarding expungement, we first note that section 5.2 does not authorize the expungement of civil, neglect-based cases brought under the Juvenile Court Act of 1987. 20 ILCS 2630/5.2 (West 2020). In fact, the only reference section 5.2 contains to any type of juvenile records is that expungement may be sought regarding "records maintained by the Illinois State Police for persons arrested prior to their 17th birthday," but that it must be done under section 5-915 of the Juvenile Court Act of 1987. *Id.* § 5.2(b)(3). As we have previously noted, the mother was an adult at the time of the minor's birth.

¶ 11   We further note that the mother claims that the "[c]harges meet definition of 'Neglect and Endangerment Offense' 720ILCS5/12c-5 [*sic*]" such that she is entitled to expungement. Even if section 5.2 provided for the expungement of civil, neglect-based cases brought under the

Juvenile Court Act of 1987, there is nothing in the record on appeal to indicate that the mother was either arrested on any criminal charges or was in fact criminally charged. For all of these reasons, the mother was not eligible for expungement of any kind under the Criminal Identification Act. See *id.* § 5.2.

¶ 12    It is understandable that the mother would want any record of an assertedly unwarranted juvenile neglect case expunged. The statute she has chosen for her pursuit, however, does not apply to her situation or to DCFS, and does not authorize the relief she seeks. There may be civil or administrative remedies available to her that are more appropriate to resolving her concern, however, there is nothing in the record to show that she has attempted to pursue any other procedure or that she would actually be successful if she did.

¶ 13    Under the circumstances of this case, we hold that the circuit court did not abuse its discretion when it denied the mother's petition to expunge based on the Criminal Identification Act.

¶ 14    Regarding the mother's *Miranda* rights, we note that "[a] suspect's entitlement to *Miranda* warnings is triggered when she is subjected to custodial interrogation." *People v. Carroll*, 318 Ill. App. 3d 135, 138 (2001). "Custodial interrogation" means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. Again, there is nothing in the record on appeal to suggest that the mother was either arrested or otherwise taken into custodial interrogation as a suspect in a criminal investigation. Thus, no *Miranda* warnings were necessary. Accordingly, we reject the mother's argument that her *Miranda* rights were violated.

¶ 15                                III. CONCLUSION

¶ 16    For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

4

¶ 17     Affirmed.